UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Bradford Wilkinson | : | Case No.: |
| | : | |
| Plaintiff | : | **COMPLAINT** |
| v. | : | |
| | : | |
| The Lincoln National Life Insurance Company | : | |
| | : | |
| Defendant | : | |

Plaintiff, Bardford Wilkinson, for his Complaint against Defendant The Lincoln National Life Insurance Company ("Defendant" and "Lincoln") states as follows:

1. Plaintiff is an individual who resides in Norwood, Massachusetts, and who is or was a participant in group long-term disability plan (the "Plan") sponsored by his former employer, Smartronix, LLC ("Employer").

2. Upon information and belief, the Plan is funded through a group insurance policy Defendant sold Employer. (the "Policy").

3. Upon information and belief, Defendant is a foreign company with offices in Portland and Augusta, Maine.

4. Defendant served as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

5. Upon information and belief, this policy was administered, at times, within this District.

6. Plaintiff brings this action to recover benefits under the Plan and Policy.

7. Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy.  This Court has

subject matter jurisdiction over this action, and it may assert personal jurisdiction over Defendant because, per ERISA 502(e), it can be found in this district.

## Claim for Relief

8. The Policy provides that Defendant will pay benefits to participants who are disabled.

9. Under the Policy, disability is defined as the inability to perform one's own occupation.

10. Plaintiff stopped working on December 1, 2024, due to cardiac arrest and acute coronary syndrome.

11. Plaintiff is totally disabled and remains unable to return to any full time or consistent part time employment.

12. Plaintiff satisfied the waiting period and qualified for benefits under the Policy.

13. Plaintiff timely submitted a claim for benefits.

14. Defendant approved Plaintiff's claim and paid him approximately $32,000, all of which was spent by Plaintiff on basic living expenses.

15. Plaintiff retains no money from the Plan or otherwise paid to him by Defendant.

16. Defendant subsequently terminated Plaintiff's claim was purportedly pre-existing.

17. Defendant contended that Plaintiff's prescription for Atorvastatin calcium qualified Plaintiff's cardiac arrest and ACS as pre-existing. Defendant contended that because plaintiff has a heart attack, his prescription to atorvastatin was specifically prescribed to prevent said infarction.

18. After Defendant denied benefits, the Social Security Administration awarded Plaintiff Social Security Disability ("SSD") benefits.

19. The SSA paid Plaintiff SSD back to the date of his cardiac arrest.

20. SSA's back benefit payment was also completely depilated on basic living expenses.

21. Defendant arbitrary calculated a supposed overpayment based upon an SSA award that was based on different medical evidence (concerning different medical conditions) than what was considered by the Defendant.

22. Plaintiff timely appealed Defendant's termination of benefits.

23. Defendant failed to provide Plaintiff with full and fair review.

24. Among other things, Defendant failed to abide by ERISA's claims regulations time and review requirements.

25. To date, Defendant has not issued a final decision on appeal

26. Plaintiff's administrative remedies are deemed exhausted.

27. Because Defendant did not decide Plaintiff's timely appeal, this Court is now the fact finder on a *de novo* review of the administrative record.

28. Defendant's procedural violations stripped it of any deference which may have been afforded to it under the Policy.

29. Plaintiff is entitled to a judgment against Defendant, in the amount of the unpaid benefits under the Plan and Policy.

30. Plaintiff is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff requests this Court issue an order granting;

    a. A judgment in the amount of all benefits, including but not limited to waiver of premium and long-term disability benefit, due under the Plan/Policy plus prejudgment interest;

    b. An order declaring Defendant's purported overpayment of benefits null and void;

    c. An order awarding Plaintiff's costs and attorney's fees; and

    d. All other relief the Court may deem proper.

Dated:  February 3, 2026

                                                                            <u>/s/ *Andrew S. Davis*</u>
Andrew S. Davis
DAVIS LAW LLC
PO Box 17887
Portland, Maine 04112
andrew@erisabenefitlawyer.com